_____

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil No.  2:08 CV 43 BSJ |
| Petitioner, | : | **REPORT & RECOMMENDATION** |
| vs. | : | |
| EILEEN N. CORNWALL, | : | Honorable Bruce S. Jenkins<br>Magistrate Judge Paul M. Warner |
| Respondent. | : | |

_____

The United States of America filed a petition to enforce its August 2, 2007 IRS Summons ("the Summons") against Eileen N. Cornwall ("Respondent") pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).  The Honorable Bruce S. Jenkins issued an Order to Show Cause ("OTSC") on January 16, 2008, which referred this matter to Magistrate Judge Paul M. Warner for a hearing scheduled for March 5, 2008.

The OTSC directed Respondent to file a written response supported by sworn affidavits to the United States' Petition to Enforce the Summons ("the Petition") within ten days of the OTSC being served upon her.  The OTSC also directed this court to convene a hearing on March 5, 2008 at 10:00 a.m. to determine whether Respondent has shown cause for failing to comply with the Summons.  Respondent did not provide any written response prior to the March 5, 2008 hearing.

This court convened a hearing at the appointed date and time, at which Respondent appeared pro se, and the United States appeared through Jared C. Bennett, Assistant United States Attorney. At the hearing, the parties agreed to continue this matter for 30 days because Respondent had agreed to provide all the material requested in the Summons within 30 days.

On April 8, 2008, this court convened a status conference to determine whether Respondent had done what she said she would do at the March 5, 2008 hearing. Respondent did not appear at the April 8, 2008 hearing, and the United States appeared through Assistant United States Attorney, Jared C. Bennett. At the hearing, the United States presented evidence to the court's satisfaction that Respondent had not provided the information requested by the Summons as she said she would do at the March 5, 2008 hearing. Consequently, based on the Petition and the exhibits attached thereto, and the representations made at the March 5, 2008 and April 8, 2008 hearings, this court reports the following:

1.The United States has carried its burden of proof to enforce the Summons. Through the Summons and the declaration of the revenue officer that were attached to the Petition, the United States established that: (1) it sought the summoned information for a legitimate purpose, (2) the summoned information is relevant to the legitimate purpose, (3) the summoned information was not already in the possession of the United States; and (4) that the United States followed proper administrative procedures.

2.Once the United States has established its initial burden of proof, the burden shifts to Respondent to show why she should not be compelled to comply with the Summons. At the March 5, 2008 hearing, Respondent did not contest enforcement of the Summons and agreed to comply therewith, but failed to do so.

Consequently, this court recommends that:

1.The District Court find that Respondent has failed to show cause why she should not be compelled to comply with the Summons; and

2.     The District Court order Respondent to provide the information required by the Summons to the IRS no later than 5 days after the District Court adopts this Report and Recommendation because Respondent has already had 30 days to comply but failed to do so.

Within 10 days after being served with a copy of this Report and Recommendation, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Judge to whom this case is assigned shall make a de novo determination upon the record of any portion of this court's disposition to which specific written objection has been made. The District Judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

DATED this 9th day of April, 2008.

BY THE COURT:

PAUL M. WARNER, Magistrate Judge
United States District Court